UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARIA VLOCK | ) | **PROTECTIVE ORDER** |
| Plaintiff, | ) ) ) | Misc. Case No. 3:08-MC-137 |
| v. | ) ) | Case Originally Filed in the |
| BRASSELER USA, INC., | ) ) | United States District Court for the Southern District of New York |
| Defendant. | ) ) ) | Case No. 03 CV 2311 (LAP) |

   Plaintiff Maria Vlock ("Vlock") has issued a third party subpoena (the "Subpoena") to Carousel Capital ("Carousel"). It appears to the Court that the parties and Carousel have need for a Protective Order ("Order") for identifying, protecting and restricting the publication and use of confidential information, documents and testimony produced in connection with the Subpoena. Therefore, pursuant to Rules 45 and 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED:**

   1. All Classified Information, as defined below, produced or exchanged in response to the Subpoena shall be used solely for the purpose of the prosecution, defense, settlement or trial of this action, and shall not be used by the receiving party for any other purpose whatsoever, including, without limitation, any business or commercial use, and shall not be disclosed by the receiving party to any person or entity except in accordance with the terms of this Order.

   2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only" by Carousel, including, but not limited to, any documents, deposition testimony and transcripts, or deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and any other information or material produced pursuant to the Subpoena or related proceedings.

   3. All materials designated as "Confidential" or "Attorneys' Eyes Only" under this Order, the information contained therein, and any summaries, copies, abstracts, or other materials derived in whole or in part from such material shall be treated as Classified Information as set forth in this Order.

   4. Classified Information being produced to a party in discovery shall be so designated by stamping or otherwise marking copies of the material with the legend "Confidential" or "Attorneys' Eyes Only." Stamping or marking the legend "Confidential" or "Attorneys' Eyes Only" on the cover of any multi-page document (except depositions or responses to interrogatories, responses to requests for admissions and similar discovery responses) shall designate all pages of the document as "Confidential" or "Attorneys' Eyes Only," unless otherwise indicated by the producing party. Designations of deposition testimony shall be governed by Paragraph 6.

   5. Carousel shall designate any Classified Information or material as "Confidential" or "Attorneys' Eyes Only" at the time of producing such information. Nevertheless, inadvertent

production of any information that has not been designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order shall not waive Carousel's opportunity to claim that such information is confidential, nor shall Carousel be estopped from later designating such information as "Confidential" or "Attorneys' Eyes Only," if within ten (10) business days after actually discovering that such inadvertent production was made, Carousel designates the material as "Confidential" or "Attorneys' Eyes Only." Prior disclosure of such information by other parties shall not be considered a violation of this Order.

6. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party), may be designated by Carousel or any party as "Confidential" or "Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order.

Carousel or any party may also designate information disclosed at such depositions as "Confidential" or "Attorneys' Eyes Only" by notifying all of the parties in writing within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter. Unless previously designated as "Attorneys' Eyes Only," all deposition transcripts shall be treated as "Confidential" for the ten (10) business day interim between receipt of the transcript and any specific designations subsequently made in accordance with this provision.

Nothing in this provision waives the right of any party or party representative to be present during depositions. Such persons, however, may be excluded from select portions of a deposition upon request by opposing counsel -- based upon a good faith, reasonable belief -- that questioning will elicit information that should be designated as "Attorneys' Eyes Only" as described in Paragraph 4 of this Order herein above.

7. Access to information or materials designated as "Confidential" or "Attorneys' Eyes Only" shall be restricted as follows:

(a) Information or materials designated as "Confidential" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons, as defined below.

(b) Information or materials designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Subparagraphs 8(a), 8(b), 8(c), 8(d), 80(e), 8(g) and 8(h) below, and shall not be disclosed to the receiving party or its internal representatives. [1]

(c) Copies of "Attorneys' Eyes Only" information and materials provided to outside counsel of a receiving party shall be maintained in the offices of outside counsel

---

[1] Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Classified Information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose to clients any material or information designated "Attorneys' Eyes Only" and not previously known by the client.

for the receiving party and, if necessary, at the office of any person or entity to whom the information was disclosed pursuant to Paragraph 8(e) below.

8. For the purposes of the restrictions on disclosure and access to Classified Information set forth in Paragraph 7, "Qualified Persons" means:

(a) the Court and its officers;

(b) court reporters engaged in this litigation;

(c) attorneys of record for the parties in this litigation (i.e., outside counsel only), in-house counsel of the parties, and personnel of counsels' respective law firms, including paralegals, legal assistants, litigation support services;

(d) third parties engaged in the business of providing copy services (e.g., Kinko's), solely for the purpose of copying;

(e) actual or potential independent technical experts or consultants, who are not parties to this action or employees of parties to this actions;

(f) the receiving party or party representatives;

(g) mediators agreed to by the parties or as appointed by the Court to assist in resolving the issues between the parties; and

(h) if the Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

If any Classified Information is to be disclosed to any third parties, including experts under subparagraph 8(e), such person must first be provided a copy of this Order and must agree in writing to be bound by its terms prior to gaining access to any Classified Information, by executing a copy of the Nondisclosure Agreement in the form attached as Appendix A. The outside counsel for the party who has disclosed Classified Information to any third party will maintain all such written acknowledgements. Pursuant to this Order and the Nondisclosure Agreement, all such persons shall be bound by the terms of this Order, and shall not disclose or permit disclosure of the Classified Information thus received, other than pursuant to the terms of this Order. This written acknowledgement requirement does not apply to disclosures made pursuant to subparagraphs 8(a), 8(b) and 8(d).

9. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Order.

10. Each Qualified Person to whom Classified Information is to be furnished, shown, or disclosed shall use said Classified Information solely for the purpose of this litigation and

shall not communicate the information, directly or indirectly, to any other person, unless that person is also qualified to receive this information under the terms of this Order.

11. Documents falling under the protection of the attorney-client privilege, attorney work-product doctrine, or other applicable privileges which are inadvertently disclosed to an opposing party shall be immediately returned to the disclosing party. The opposing party shall immediately destroy all copies of the inadvertently disclosed documents. Any such document shall be regarded as not having been produced, and its inadvertent production shall not be cited as grounds for any claim of waiver of attorney-client privilege or work product immunity. Without limiting the foregoing, this provision also is expressly applicable to company trade secrets.

12. Notwithstanding anything to the contrary herein, nothing in this Order shall restrict a party's ability to use or disclose its own documents or proprietary information. Nothing herein shall prevent disclosure and use of information beyond the terms of this Order if each party designating the information as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure and use or, if the Court, after notice to all affected parties, authorizes such additional disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Attorneys' Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Attorneys' Eyes Only" information, irrespective of which party produced such information.

13. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude or prejudice a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorneys' Eyes Only," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may apply to the Court by motion for a ruling that the information shall not be treated as designated by the producing party or other relief. The burden of proof shall be with the party asserting the confidentiality of the document. Until the Court rules upon such motion, the subject document shall be afforded the confidential treatment provided for in this Order.

14. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

15. If Classified Information, including any portion of a deposition transcript designated as "Confidential" or "Attorneys' Eyes Only," is included in or with any papers to be filed in any Court, such Classified Information shall be filed under seal and shall be labeled "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER." The person filing any such documents shall inform the Clerk that all or designated portions thereof are subject to this Order and are to be kept under seal, except that upon the default of this filing party to so inform the Clerk, any party may do so.

16. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

17. Producing or receiving materials pursuant to this Order or otherwise complying with the terms of this Order, including designating or not designating any information "Confidential" or "Attorneys' Eyes Only" shall not:

(a) operate as an admission by any party that any particular information does or does not contain or reflect trade secrets, or other proprietary and confidential matter; or

(b) prejudice in any way the rights of any party to object on the basis of privilege or work-product doctrine, lack of relevance or on any other grounds, to the production of documents or information it considers not subject to discovery; or

(c) prejudice in any way the rights of a party to seek a determination by this Court (I) whether particular information should be produced, or (ii) if produced, whether such information should be subject to the terms of this Order; or

(d) prejudice in any way the rights of any party to object as to the admissibility of any evidentiary material; or

(e) prejudice in any way the rights of a party to apply to this Court for a further protection relating to any information.

18. Except as otherwise ordered by the Court, or to the extent such information was used as evidence at the trial, within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents designated as "Confidential" or "Attorneys' Eyes Only" produced by a party, in the possession of any of the persons qualified under Paragraphs 8 (a) through (h) shall be returned to the producing party. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced hereunder and thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or, order of the Court with respect to dissolution or modification of such protective orders.

19. The parties' obligations to preserve the confidentiality of Classified Information produced under this Order shall survive the final termination of this action.

20. Any person or entity granted access to Classified Information hereunder who uses or discloses such information for any purpose other than as provided or permitted by the terms of this Order shall be subject to this Court's authority and jurisdiction, and to any relief the Court deems appropriate, including sanctions. Nothing in this Order shall constitute, or be construed as, an

4817-1358-1058.03

agreement or order binding on any party or their attorneys that restricts any person in any way from reporting or investigating actual or suspected crimes, or from reporting or investigating suspected violations of the laws of the United States or of any individual State or other governmental unit or division.

21. In the event additional parties join or are joined in this Litigation, they shall not have access to Classified Information until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be bound by this Consent Order.

22. The ultimate disposition of protected materials produced pursuant to this Order shall be subject to a final order of the Court upon completion of the litigation.

**IT IS SO ORDERED.**

Signed: September 8, 2008

David C. Keesler
United States Magistrate Judge

4817-1358-1058.03

**WE CONSENT:**

  /s/ William M. Moran
Attorney for Plaintiff


  /s/ John M. Tatum
Attorney for Defendant


  /s/ Kiran H. Mehta
Attorney for Carousel

Appendix A

**<u>NONDISCLOSURE AGREEMENT</u>**

I, _____, do solemnly swear that I have been provided with a copy of the Consent Protective Order entered by the United States District Court for the Western District of North Carolina in the case styled *Maria Vlock v. Brasseler USA, Inc..,* bearing civil action no. 03 CV 2311 (LAP), pending in the United States District Court for the Southern District of New York, which I have fully read and understand.

I hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the United States District Court for the Western District of North Carolina for purposes of enforcing this Agreement.

I understand and acknowledge that the documents and information given confidential treatment under the Order shall be used by me only in testifying or assisting counsel in preparing and conducting the litigation of the above-referenced case and not for any business, personal or other purposes whatsoever.

I agree not to discuss, disclose, or otherwise reveal information subject to the Order to anyone, except persons who also are permitted access to the materials and information protected by the Order.

SIGNED: _____
NAME PRINTED: _____
DATED: _____